IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD FARLEY,

        Plaintiff,                No. 2:11-cv-1830 KJN P

    vs.

TIM VIRGA, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel.  By order filed July 26, 2011, plaintiff was directed to file, within thirty days, an application to proceed in forma pauperis and a certified copy of plaintiff's prison trust account statement.  On July 26, 2011, plaintiff filed a motion for preliminary injunction.

        Plaintiff claims that he has a cancerous tumor inside his stomach, which can become deadly if traumatized.  Plaintiff alleges defendants put plaintiff's life in danger by keeping plaintiff housed on one of the most dangerous mainline yards in California.  Plaintiff alleges two violent racial riots have occurred on B-Facility at New Folsom where plaintiff is housed.  Plaintiff contends he will suffer irreparable harm if defendants are allowed to continue ignoring plaintiff's serious medical needs.  Plaintiff further contends that he will suffer irreparable harm if he is not transferred because plaintiff is at risk from the "race war," that is, he

1

is at risk of being attacked by Hispanic inmates because of the color of plaintiff's skin. Plaintiff seeks transfer from New Folsom to California Medical Facility or California Men's Colony.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted).

Plaintiff's motion is premature. First, plaintiff's complaint has not yet been screened. No defendant has been served with process at this early stage of the litigation. Good

cause appearing, plaintiff's motion will be denied without prejudice to its renewal following the appearance of any defendant in this action.

Second, plaintiff's motion is largely duplicative of the motion for injunctive relief filed in <u>Farley v. Capot, et al.</u>, 1:06-cv-1760 LJO MJS, on October 4, 2010.[1] Plaintiff's motion was filed after the July 21, 2011 incident at issue in the instant action. The court found plaintiff failed to demonstrate he was likely to suffer irreparable harm if plaintiff was not moved to one of the facilities requested. <u>Id.</u>, Dkt. No. 58 at 3. The court found that "the evidence indicates [plaintiff's] condition is stable with the current treatment regimen at [plaintiff's] current facility." <u>Id.</u> The court further noted that granting plaintiff's "request to be transferred would disrupt, not maintain, the status quo." <u>Id.</u> at 4. Finally, the court found that plaintiff was given the option of moving to the Out-Patient Housing unit ("OHU") in plaintiff's current facility, on recommendation by plaintiff's primary care physician, but plaintiff apparently refused this reassignment. <u>Id.</u>, at 2. The district court adopted the findings and recommendations. <u>Id.</u>, Dkt. No. 60. Plaintiff filed an appeal, and on March 16, 2011, the Court of Appeals for the Ninth Circuit summarily affirmed the order denying plaintiff's motion for preliminary injunctive relief. <u>Id.</u>, Dkt. No. 68. Although plaintiff claims his life is put at risk daily, plaintiff alleges no further incidents of fighting other than the July 21, 2011 incident herein.

Third, plaintiff provided the September 22, 2010 letter from Dr. Preet Sahota, M.D., Chief Physician and Surgeon at California State Prison, Sacramento, who states there is no medical reason for plaintiff to be housed at either California Men's Colony or California Medical Facility. (Dkt. No. 6 at 38.) Moreover, plaintiff provided Dr. Sahota's August 25, 2010 letter in which Dr. Sahota explained that plaintiff's primary care physician recommended plaintiff's housing at the OHU for plaintiff's safety, but that it was not medically necessary for plaintiff to

---

[1] A court may take judicial notice of court records. <u>See</u>, e.g., <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

be housed in the OHU. (Dkt. No. 6 at 36.) Plaintiff apparently declined this alternative housing assignment. (Dkt. No. 6 at 37.) Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Plaintiff has provided no probative medical evidence to contradict Dr. Sahota's medical findings.

For all of the above reasons, IT IS HEREBY ORDERED that plaintiff's July 26, 2011 motion for injunctive relief (dkt. No. 6) is denied without prejudice.

DATED: August 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

farl1830.pi