1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEONARD FARLEY,

11           Plaintiff,                      No.  2:11-cv-1830 KJN P

12       vs.

13   TIM VIRGA, et al.,

14           Defendants.                     ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20           Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

26   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

1 monthly payments of twenty percent of the preceding month's income credited to plaintiff's

2 prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

3 the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

4 in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9 granted, or that seek monetary relief from a defendant who is immune from such relief.

10 28 U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

23 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

25 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

26 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

1   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3   as true the allegations of the complaint in question,  id., and construe the pleading in the light

4   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5           The court has reviewed plaintiff's complaint and, for the limited purposes of

6   § 1915A screening, finds that it states a potentially cognizable claim against defendants Virga,

7   Lizarraga, Mini, and Cannedy based on plaintiff's allegations that they failed to protect plaintiff

8   from the July 21, 2010 altercation on the yard.  See 28 U.S.C. § 1915A.

9           For the reasons stated below, the court finds that the complaint does not state a

10  cognizable claim against the remaining defendants.  The claims against defendants Bal, Sahota,

11  Chappell, and Cho are hereby dismissed with leave to amend.

12          First, plaintiff attempts to allege a violation of his right to equal protection of the

13  law.  Equal protection claims arise when a charge is made that similarly-situated individuals are

14  treated differently without a rational relationship to a legitimate state purpose.  See San Antonio

15  School District v. Rodriguez, 411 U.S. 1 (1972) (state education-funding schemes are subject to

16  rational basis scrutiny under the Equal Protection Clause).  In order to state a § 1983 claim based

17  on a violation of the equal protection clause of the Fourteenth Amendment, plaintiff must show

18  that defendants acted with intentional discrimination against plaintiff or against a class of

19  inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

20  (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No.

21  14J, 208 F.3d 736, 740 (9th Cir. 2000).  "A plaintiff must allege facts, not simply conclusions,

22  that show that an individual was personally involved in the deprivation of his civil rights."

23  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

24          Here, plaintiff's allegations do not demonstrate that:  (a) plaintiff is in a protected

25  class; (b) plaintiff or others like him were treated differently without a rational relationship to a

26  legitimate state purpose; and (c) the defendants intentionally discriminated against him.  Thus,

1  plaintiff has failed to allege facts giving rise to a cognizable equal protection claim under 42

2  U.S.C. § 1983.  Plaintiff's equal protection claim is dismissed.  Absent facts supporting each of

3  these elements, plaintiff should not renew the equal protection claim in any amended complaint.

4          Second, although plaintiff alleges a due process violation, and alleges cruel and

5  unusual punishment, plaintiff failed to identify what allegations he argues demonstrates these

6  alleged constitutional violations.

7          Third, plaintiff alleges defendants Bal and Sahoto were deliberately indifferent to

8  plaintiff's serious medical needs based on their refusal to transfer plaintiff to a medical facility.

9  Plaintiff also alleges that defendants Chappell and Cho failed to treat plaintiff on August 14,

10  2010.

11          The government has an obligation under the Eighth Amendment "to provide

12  medical care for those whom it punishes by incarceration."  Lopez v. Smith, 203 F.3d 1122, 1131

13  (9th Cir. 2000) (en banc).  To state a § 1983 claim for violation of the Eighth Amendment based

14  on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to

15  evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106

16  (1976).  Indications that a prisoner has a "serious" need for medical treatment include the

17  existence of an injury that a reasonable doctor or patient would find important and worthy of

18  comment or treatment, the presence of a medical condition that significantly affects an

19  individual's daily activities, or the existence of chronic and substantial pain.  McGuckin v. Smith,

20  974 F.2d 1050, 1059-60 (9th Cir.1992), overruled on other grounds, WMX Technologies, Inc. v.

21  Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

22          "[D]eliberate indifference to a prisoner's serious medical needs is the 'unnecessary

23  and wanton infliction of pain.'"  Estelle, 429 U.S. at 104-05.  An official is deliberately

24  indifferent if he both knows of and disregards an excessive risk to an inmate's health.  Farmer v.

25  Brennan, 511 U.S. 825, 837 (1994).  Thus, to demonstrate deliberate indifference, a plaintiff

26  must establish that the alleged harm was "sufficiently serious" and that the official acted with a

4

1   "sufficiently culpable state of mind."  Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298,

2   302-03 (1991)).  Mere negligence or medical malpractice does not establish a sufficiently

3   culpable state of mind. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).

4   Mere differences of opinion between a prisoner and prison medical staff as to appropriate

5   medical care also do not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344

6   (9th Cir. 1981).

7          Plaintiff must also allege facts that defendant responded to the serious medical

8   need with deliberate indifference.  Deliberate indifference may be shown "when prison officials

9   deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in

10   which prison physicians provide medical care."  Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir.

11   1988).  Where the claim is based on a delay in treatment, "a prisoner can make 'no claim for

12   deliberate medical indifference unless the denial was harmful.'"  McGuckin at 1060 (quoting

13   Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per

14   curiam)).  The harm caused by the delay need not, however, be "substantial."  McGuckin at 1060

15   (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also citing Hudson v.

16   McMillian, 503 U.S. 1, 5-10).

17          Plaintiff's claims against defendants Bal and Sahoto fail based on documents

18   appended to the complaint.  Plaintiff contends the tumor in his stomach requires that he be

19   hospitalized in a medical facility.  However, Dr. Preet Sahota, Chief Physician & Surgeon at

20   California State Prison, Sacramento, specifically advised plaintiff, by memorandum dated

21   September 22, 2010, that there was no medical reason for plaintiff to be housed at either

22   California Medical Facility or California Men's Colony.  (Dkt. No. 1 at 54.)  Moreover, efforts to

23   allay plaintiff's safety concerns by housing him in the Out-Patient Housing Unit (dkt. no. 1 at 52)

24   were apparently rebuffed by plaintiff (dkt. no. 1 at 16-17.)  Plaintiff's belief that his tumor

25   requires his placement in a medical facility is therefore a difference of opinion between plaintiff

26   and prison medical staff, and does not state a cognizable civil rights claim.

1    Plaintiff's allegations as to defendants Cho and Chappell also fail.  Plaintiff has

2  not alleged all of the elements of a medical deliberate indifference claim, nor shown that the

3  failure of defendants Cho and Chappell to treat plaintiff on one occasion was harmful.

4    Plaintiff may proceed forthwith to serve defendant Virga, Lizarraga, Mini, and

5  Cannedy and pursue his claims against only those defendants, or he may delay serving any

6  defendant and attempt to state a cognizable claim against the remaining defendants.  If plaintiff

7  elects to attempt to amend his complaint to state a cognizable claim against the remaining

8  defendants, he has thirty days so to do.  He is not obligated to amend his complaint.

9    If plaintiff elects to proceed forthwith against defendant Virga, Lizarraga, Mini,

10  and Cannedy, against whom he has stated a potentially cognizable claim for relief, then within

11  thirty days he must return materials for service of process enclosed herewith.  If plaintiff

12  proceeds with service against those defendants, the court will construe plaintiff's election as

13  consent to dismissal of all claims against the remaining defendants without prejudice.

14    Plaintiff is advised that in an amended complaint he must clearly identify each

15  defendant and the action that defendant took that violated his constitutional rights.  The court is

16  not required to review exhibits to determine what plaintiff's charging allegations are as to each

17  named defendant.  The charging allegations must be set forth in the amended complaint so

18  defendants have fair notice of the claims plaintiff is presenting.

19    Any amended complaint must show the federal court has jurisdiction, the action is

20  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

21  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

22  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

23  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

24  deprivation of a constitutional right if he does an act, participates in another's act or omits to

25  perform an act he is legally required to do that causes the alleged deprivation).

26  ////

1    In an amended complaint, the allegations must be set forth in numbered

2  paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

3  single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

4  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

5  10(b).

6    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

7  307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

8  any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

9  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

10  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

11  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

12  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

13  must not include any preambles, introductions, argument, speeches, explanations, stories,

14  griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

15  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

16  complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597

17  (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully

18  warranted" in prisoner cases).  The court (and defendant) should be able to read and understand

19  plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading

20  including many defendants with unexplained, tenuous or implausible connection to the alleged

21  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

22  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

23  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

24    A district court must construe a pro se pleading "liberally" to determine if it states

25  a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

26  an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

1   While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

2   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

3   S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

4   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

5   is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

6
7
8
9
> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

10

11   Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

12   framework of a complaint, they must be supported by factual allegations, and are not entitled to

13   the assumption of truth.  Id. at 1950.

14         An amended complaint must be complete in itself without reference to any prior

15   pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

16   files an amended complaint, the original pleading is superseded.

17         By signing an amended complaint, plaintiff certifies he has made reasonable

18   inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

19   impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20         A prisoner may bring no § 1983 action until he has exhausted such administrative

21   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth

22   v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any

23   departmental decision, action, condition, or policy which they can demonstrate as having an

24   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be

25   presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

26   "action requested."  Therefore, this court ordinarily will review only claims against prison

officials within the scope of the problem reported in a CDC form 602 or an interview or claims

that were or should have been uncovered in the review promised by the department.  Plaintiff is

further admonished that by signing an amended complaint he certifies his claims are warranted

by existing law, including the law that he exhaust administrative remedies, and that for violation

of this rule plaintiff risks dismissal of his entire action, including his claim against defendants

Virga, Lizarraga, Mini, and Cannedy.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  The failure to protect allegations in the pleading are sufficient to state a

cognizable claim against defendant Virga, Lizarraga, Mini, and Cannedy.  See 28 U.S.C.

§ 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

copy of the pleading filed July 12, 2011, one USM-285 form and instructions for service of

process on defendants Virga, Lizarraga, Mini, and Cannedy.  Within thirty days of service of this

order plaintiff may return the attached Notice of Submission of Documents with the completed

summons, the completed USM-285 forms, and five copies of the July 12, 2011 complaint.  The

court will transmit them to the United States Marshal for service of process pursuant to Fed. R.

Civ. P. 4.  Defendants Virga, Lizarraga, Mini, and Cannedy will be required to respond to

plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the

court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his

defective claims against the remaining defendants without prejudice.

////

1    4.  Claims against defendants Bal, Sahota, Chappell, and Cho are dismissed with

2  leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to

3  attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his

4  complaint.

5    5.  Failure to comply with this order will result in a recommendation that this

6  action be dismissed.

7  DATED:  September 21, 2011

8

9                                                   _____
                                                    KENDALL J. NEWMAN
10                                                  UNITED STATES MAGISTRATE JUDGE

11  /farl1830.14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4                       IN THE UNITED STATES DISTRICT COURT

5                      FOR THE EASTERN DISTRICT OF CALIFORNIA

6   LEONARD FARLEY,

7            Plaintiff,                    No.  2:11-cv-1830 KJN P

8        vs.

9   TIM VIRGA, et al.,

10           Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

11

12   _____/

13        Plaintiff hereby submits the following documents in compliance with the court's

    order filed _____:

14
          _____        completed summons form
15
          _____        completed forms USM-285
16
          _____        copies of the _____
17                                    Amended Complaint

18
          _____   Plaintiff consents to the dismissal of defendants Bal,
19               Sahota, Chappell, and Cho without prejudice.

20        OR

21               _____   Plaintiff opts to file an amended complaint and delay service of process.

22   Dated:

23

24                                _____
                                           Plaintiff
25

26