1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEONARD FARLEY,

11          Plaintiff,                    No. 2:11-cv-1830 KJN P

12       vs.

13   TIM VIRGA, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff consented to

17   proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  By order filed March

18   28, 2012, the United States Marshal was ordered to serve process on defendants Bal, Cannedy,

19   Lizarraga, Mini, Sahota and Virga, based on plaintiff's claims that on July 21, 2010, defendants

20   were deliberately indifferent to his safety, and failed to protect plaintiff, subjecting him to cruel

21   and unusual punishment in violation of the Eighth Amendment.  Defendants have not yet

22   appeared or been served with process.  On April 6, 2012, plaintiff filed a second motion for

23   preliminary injunction.

24          Plaintiff claims he is being denied appropriate medical housing and care.  Plaintiff

25   allegedly has a cancerous tumor inside his stomach, which can become deadly if traumatized.

26   Plaintiff alleges defendants put plaintiff's life in danger by keeping plaintiff housed on one of the

1

1 most dangerous mainline yards in California.  Plaintiff alleges two violent racial riots occurred

2 on B-Facility at New Folsom where plaintiff is housed.  Plaintiff contends he will suffer

3 irreparable harm if defendants are allowed to continue ignoring plaintiff's serious medical needs.

4 Plaintiff further contends that he will suffer irreparable harm if he is not transferred because

5 plaintiff is at risk from the "race war;" that is, he is at risk of being attacked by Hispanic inmates

6 because of the color of plaintiff's skin.  Plaintiff seeks transfer from New Folsom to California

7 Medical Facility or California Men's Colony.

8          Plaintiff appended a January 19, 2010 memorandum to B Facility Staff and

9 Inmates concerning the modified program status implemented in response to a January 19, 2010

10 racial riot on B Facility.  (Dkt. No. 22 at 14.)  Plaintiff also provided a May 20, 2011

11 memorandum to B Facility Staff and Inmates regarding the modified program status

12 implemented in response to a May 20, 2011 multiracial riot on B Facility.  (Dkt. No. 22 at 15.)

13          "The proper legal standard for preliminary injunctive relief requires a party to

14 demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

15 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

16 injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

17 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

18          A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale

19 approach or "serious questions" test survives "when applied as part of the four-element Winter

20 test."  Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011).

21 "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply

22 towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also

23 shows that there is a likelihood of irreparable injury and that the injunction is in the public

24 interest."  Id.  In cases brought by prisoners involving conditions of confinement, any preliminary

25 injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm

26 the court finds requires preliminary relief, and be the least intrusive means necessary to correct

2

1   the harm." 18 U.S.C. § 3626(a)(2).

2            Initially, the principal purpose of preliminary injunctive relief is to preserve the

3   court's power to render a meaningful decision after a trial on the merits.  See 11A Charles Alan

4   Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted

5   above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant

6   the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his

7   claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982)

8   (internal citation omitted).

9            Plaintiff's motion is premature.  First, no defendant has been served with process

10  or appeared in this action.  At this early stage of the litigation, the court is unable to ascertain

11  whether plaintiff is likely to succeed on the merits of his claims.

12           Second, plaintiff's motion is largely duplicative of the motions for injunctive

13  relief filed herein on July 26, 2011, and on October 4, 2010, in Farley v. Capot, et al., 1:06-cv-

14  1760 LJO MJS (Fresno Division).[1]  Plaintiff's motion in the Fresno case was filed after the July

15  21, 2010 incident at issue in the instant action.  The court found plaintiff failed to demonstrate he

16  was likely to suffer irreparable harm if plaintiff was not moved to one of the facilities requested.

17  Id., Dkt. No. 58 at 3.  The court found that "the evidence indicates [plaintiff's] condition is stable

18  with the current treatment regimen at [plaintiff's] current facility."  Id.  The court further noted

19  that granting plaintiff's "request to be transferred would disrupt, not maintain, the status quo."

20  Id. at 4.  Finally, the court found that plaintiff was given the option of moving to the Out-Patient

21  Housing unit ("OHU") in plaintiff's current facility, on recommendation by plaintiff's primary

22  care physician, but plaintiff apparently refused this reassignment.  Id., at 2.  The district court

23  adopted the findings and recommendations.  Id., Dkt. No. 60.  Plaintiff filed an appeal, and on

24

25      [1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc.,
285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts,
both within and without the federal judicial system, if those proceedings have a direct relation to
26  matters at issue") (internal quotation omitted).

1  March 16, 2011, the Court of Appeals for the Ninth Circuit summarily affirmed the order

2  denying plaintiff's motion for preliminary injunctive relief.  Id., Dkt. No. 68.

3          Third, plaintiff's claim that defendants are ignoring plaintiff's serious medical

4  need to be placed in a medical prison is belied by the evidence provided by plaintiff.  Plaintiff

5  submitted the September 22, 2010 letter from Dr. Preet Sahota, M.D., Chief Physician and

6  Surgeon at California State Prison, Sacramento, who states there is no medical reason for

7  plaintiff to be housed at either California Men's Colony or California Medical Facility.  (Dkt. No.

8  22 at 38.)  Moreover, plaintiff provided Dr. Sahota's August 25, 2010 letter in which Dr. Sahota

9  explained that plaintiff's primary care physician recommended plaintiff's housing at the OHU for

10 plaintiff's safety, but that it was not medically necessary for plaintiff to be housed in the OHU.

11 (Dkt. No. 22 at 36.)  Plaintiff apparently declined the OHU alternative housing assignment,

12 because OHU housing would not allow plaintiff to program.  (Dkt. No. 22 at 37.)  Inmates do not

13 have a constitutional right to be housed at a particular facility or institution or to be transferred,

14 or not transferred, from one facility or institution to another.  Olim v. Wakinekona, 461 U.S. 238,

15 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d

16 517, 519 (9th Cir. 1991) (per curiam).

17         Finally, although plaintiff claims his life is put at risk daily, plaintiff provides no

18 factual allegations suggesting that it is likely plaintiff will suffer irreparable harm if he is not

19 transferred to a medical prison.  Plaintiff appears to argue that the fact that Facility B has

20 experienced two race riots over a period of two years demonstrates he is at risk of imminent

21 harm.  However, the injuries at issue here were not incurred during the January 19, 2010, or May

22 20, 2011 race riots.  Rather, plaintiff's instant injuries resulted from an altercation between three

23 Black inmates and three Hispanic inmates on the B Facility yard on July 21, 2010, over one year

24 and eight months ago.  Plaintiff alleges no facts suggesting Facility B is at current risk for a racial

25 riot, or that the May 20, 2011 modified program is still in operation.  Thus, plaintiff fails to

26 demonstrate that his present housing poses a threat of irreparable harm.

1    For all of the above reasons, IT IS HEREBY ORDERED that plaintiff's April 6,

2  2012 motion for injunctive relief (dkt. no. 22) is denied without prejudice.

3  DATED:  April 10, 2012

4

5                                          _____

6                                          KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE

7  farl1830.pi2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26