IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD FARLEY,

      Plaintiff,                        No. 2:11-cv-1830 KJN P

    vs.

TIM VIRGA, et al.,                    ORDER AND

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Pending before the court is defendants' motion for an order declaring plaintiff to be a three-strike litigant and revoking plaintiff's in forma pauperis status. (Dkt. No. 30.) Plaintiff filed an opposition, and defendants filed a reply.

II. Motion to Revoke In Forma Pauperis Status

      A. Three Strikes

      Title 28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits

1

an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (hereafter "§ 1915(g)").

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of § 1915(g) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals, or any combination thereof totaling three. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). A prisoner's in forma pauperis status should be revoked only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g).

Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). However, Adepegba qualifies that insofar as affirmance does not go to the merits but only finds no error at the district court level, affirmance should not count as a separate strike.[1] Id. On the other hand, when the appeal is frivolous on a separate ground, or when the

---

[1] An appellate court reversal would also nullify a strike. Id., 103 F.3d at 387.

2

appeal of a district court dismissal as frivolous is itself frivolous, then the appeal dismissal is also a strike. Id. at 388. See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike). Dismissals as frivolous, malicious, or for failure to state a claim with or without prejudice may count as strikes. O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008). "Actions dismissed for procedural defects are not necessarily strikes under § 1915(g), though they may constitute strikes under certain circumstances." Id. at 1155, n.9.

Moreover, the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011). Thus,

> a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not.

Id. at 1100 (internal quotation omitted.) "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

B. The Parties' Positions

In the instant action, defendants argue that plaintiff had three prior actions or appeals that were dismissed as frivolous or for failure to state a claim:

> 1. Farley v. Ybanez, No. 2:10-cv-1950 (E.D. Cal. July 22, 2010). On November 30, 2010, this case was dismissed for failure to state a claim upon which relief can be granted.
>
> 2. Farley v. Ybanez, No. 10-17782 (9th Cir. 2010). The questions raised on appeal were determined to be insubstantial and the judgment summarily affirmed on February 8, 2011.
>
> 3. Farley v. Capot, No. 11-15193 (9th Cir. 2012). The questions raised on appeal were determined to be insubstantial and the [order] summarily affirmed on March 16, 2011.

(Dkt. No. 30-1 at 2.)

1    Plaintiff contends that only <u>Farley v. Ybanez</u>, No. 2:10-cv-1950, counts as a strike
2  because it was dismissed for failure to state a claim upon which relief can be granted.  (Dkt. No.
3  31 at 3.)  Plaintiff argues that because the Ninth Circuit orders did not include the plain language
4  set forth in 28 U.S.C. § 1915(g), the denials of these two appeals cannot serve as strikes.  In
5  addition, plaintiff contends that if the Ninth Circuit merely affirmed a district court decision that
6  was dismissed for one of the reasons stated in 28 U.S.C. § 1915(g), the appeal cannot serve as a
7  separate strike, citing <u>Andrews</u>, 398 F.3d at 1120-21, and <u>Tafari v. Hues</u>, 473 F.3d 440, 442-44
8  (2d Cir. 2007) (holding an appeal dismissed as premature was not a strike).  (Dkt. No. 31 at 4.)

9    In reply, defendants argue that the appeals in <u>Ybanez</u> and <u>Capot</u> count as strikes
10 because the Ninth Circuit's determination that the questions raised on appeal were insubstantial
11 applies the same standard as the standard applied in determining an appeal is frivolous.  (Dkt.
12 No. 32 at 2.)  Defendants cite two district court cases where summary affirmances on appeal
13 were counted as strikes.  <u>See</u> <u>Thomas v. Felker</u>, 2012 WL 1355764 (E.D. Cal. Apr. 18, 2012) (in
14 summary affirmance, "the Ninth Circuit effectively deemed plaintiff's appeal to be meritless,
15 making this appeal a second strike pursuant to § 1915(g)"); <u>see</u> <u>also</u> <u>Hollis v. Downing</u>, 2010 WL
16 5115196 (E.D. Cal. Dec. 9, 2010) (strike counted when judgment was affirmed after appellant
17 failed to "show cause why the judgment challenged in this appeal should not be summarily
18 affirmed").

19    C.  <u>Analysis</u>

20    First, plaintiff's reliance on <u>Tafari</u> is unavailing because none of plaintiff's
21 appeals were dismissed as prematurely-filed.  The appeal in <u>Ybanez</u> was timely filed after
22 judgment was entered in the district court.  <u>Id.</u>  While the appeal in <u>Capot</u> was interlocutory, the
23 appeal was a timely appeal of the denial of preliminary injunctive relief.

24    However, in both of plaintiff's appeals, the Ninth Circuit stated that the questions
25 raised on appeal were determined to be insubstantial and the judgment was summarily affirmed.
26 Neither party cited a Ninth Circuit case addressing whether such a ruling falls within the

4

frivolous, malicious, or failure to state a claim categories expressly provided in 28 U.S.C. § 1915(g).

Defendants' reliance on <u>Felker</u>, 2012 WL 1355764, is unavailing because the district court subsequently amended its ruling to find the appeal was not a strike. <u>Thomas v. Felker</u>, 2012 WL 2116406 (E.D. Cal. June 11, 2012). The district court stated that:

> upon further review, it is not clear whether this appeal should be construed as a strike under existing Ninth Circuit law. See <u>O'Neal v. Price</u>, 531 F.3d 1146, 1155, n.9 (9th Cir. 2008) (observing that "actions dismissed for procedural defects are not necessarily strikes under § 1915(g), though they may constitute strikes under certain circumstances."). Thus, in these amended findings, the undersigned will not construe this appeal as a strike.

2012 WL 2116406 at *4.

Defendants' reliance on <u>Hollis</u> is also unavailing. Defendants' description of the court's ruling on the appeal was incomplete. While the district court noted that Hollis' appeal was dismissed for failure to prosecute, and Hollis was directed to show cause why the judgment challenged in the appeal should not be summarily dismissed, the district court also reviewed the underlying district court rulings and held that:

> the district court expressly found plaintiff's appeal was frivolous, which is a strike under the plain language of 28 U.S.C. § 1915(g). Therefore, this court finds that plaintiff's appeal filed in <u>Hollis v. Villanueus</u>, 09-15523 (9th Cir.), is a strike under § 1915(g).

<u>Hollis</u>, 2010 WL 5115196 at *5. In the instant case, there is no court ruling, district or appellate, that states plaintiff's appeals were frivolous.

Here, although the Ninth Circuit found the questions on appeal to be "insubstantial," the court "summarily affirmed" the district court's judgment. <u>Adepegba</u>, 103 F.3d at 387; <u>O'Neal</u>, 531 F.3d at 1155 n.9. The Ninth Circuit did not expressly find the appeals to be frivolous. Therefore, it is not clear that the <u>Ybanez</u> or <u>Capot</u> appeals may be construed as strikes. <u>Felker</u>, 2012 WL 2116406 at *4. This court will not construe the appeals to be strikes under § 1915(g).

5

Because plaintiff sustained only one § 1915(g) strike, in <u>Farley v. Ybanez</u>, No. 2:10-cv-1950, the court recommends that defendants' motion to revoke plaintiff's in forma pauperis status be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action.

IT IS RECOMMENDED that:

1. Defendants' May 22, 2012 motion (dkt. no. 30) be denied; and

2. Defendants be directed to file an answer within fourteen days from any order by the district court adopting the instant findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

farl1830.mtd

6