IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD FARLEY,

      Plaintiff,               No. 2:11-cv-1830 KJM KJN P

    vs.

TIM VIRGA, et al.,

      Defendants.      <u>ORDER</u>

                          /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On September 24, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

        The court presumes that any findings of fact are correct.  *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.

/////

1

1983). Having carefully reviewed the file, the court adopts the findings and recommendations to the extent that they recommend denying plaintiff's motion for preliminary injunction because it is not cognizable as part of the underlying complaint.

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending a trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The party seeking injunctive relief must show it "is likely to succeed on the merits, . . . is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Accordingly, the temporary relief that plaintiff seeks must be connected to the allegations in the underlying complaint. Because plaintiff's motion is based on events that occurred on July 3, 2012 and the complaint challenges actions that happened on July 21, 2010, the court cannot grant injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 24, 2012, are adopted in part; and

2. Plaintiff's July 6, 2012, motion for injunctive relief (dkt. no. 33) is denied.

DATED: February 19, 2013.

_____
UNITED STATES DISTRICT JUDGE